UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CHARLES CLAYTON                                                                                           PETITIONER

v.                                                                                  CIVIL ACTION NO. 3:09-CV-P295-S

UNITED STATES ARMY                                                                                     RESPONDENT

### MEMORANDUM OPINION AND ORDER

Petitioner, a military prisoner at a U.S. Army Regional Corrections Facility, instituted this action by filing a document entitled "Writ of Mandamus for the Stay of Imposition of Mandatory Supervised Release (MSR)" (DN 1).  He asserts that the United States Army Clemency and Parole Board has notified him of its intent to impose MSR on him when he is released from custody.  Petitioner argues that MSR is probation, and since it was not imposed by the court as part of its sentence it would be a violation of the Due Process Clause for the Board to impose it on him now.  He argues that the Board has no authority to impose MSR and that the Department of Defense has overstepped its statutory authority in delegating the imposition of probation to the Board.  As relief, Petitioner requests that the Court find MSR unconstitutional and stay the imposition of MSR until a determination of constitutionality is made.

Although Petitioner has labeled his petition as one for mandamus, it is clear that he is challenging his custody.  Petitioner seeks freedom from MSR, which he equates to probation, and, therefore, he must make this challenge by way of a petition for writ of habeas corpus. "[T]he essence of habeas is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see also Kirby v. Dutton*, 794 F.2d 245, 246 (6th Cir. 1986).  A challenge to the fact or duration of confinement should be brought as a petition for

habeas corpus and is not the proper subject of an action for declaratory judgment or mandamus, *Preiser v. Rodriguez*, 411 U.S. at 484, 493, and, in fact, challenges to the imposition of MSR have been brought by military prisoners in U.S. district courts under 28 U.S.C. § 2241. *Bayliss v. Gray*, No. 09-3129-RDR, 2009 WL 3473857 (D. Kan. Oct. 28, 2009) (denying military prisoner's habeas petition asserting constitutional error in his MSR placement); *Huschak v. Gray*, ___ F. Supp.2d ___, No. 08-3257-RDR, 2009 WL 2413981 (D. Kan. Aug. 6, 2009) (same). Therefore, because Petitioner's petition challenges the fact or duration of his incarceration, it must be dismissed. *See Barnes v. Lewis*, No. 93-5698, 1993 WL 515483, at *1 (6th Cir. Dec. 10, 1993) (dismissal is appropriate where action seeks equitable relief and challenges fact or duration of confinement); *see also Marrie v. Nickels*, 70 F. Supp. 2d 1252, 1260 (D. Kan. 1999) (holding that where military prisoners were effectively seeking to alter the duration of confinement the appropriate avenue was a habeas corpus proceeding).

**MOTION TO AMEND PETITION**

Before dismissing the instant petition, the Court will consider the motion to amend the petition (DN 6). Petitioner states that he wishes to amend to change the type of complaint from a petition for a writ of mandamus to an action under 42 U.S.C. § 1983 and to change the Defendant from the U.S. Army to the following: James Vick, Chairman, Army Clemency and Parole Board; Christina A. Lancia, Captain, U.S. Army; Alice L. Gallop-West, Parole Administrator; and Colonel David A. Temples. He also seeks to change his requested relief to a request for compensatory and punitive damages. The reason he gives is that the situation has now changed such that the new Defendants are denying his civil rights.

Although Petitioner labels his motion a motion to amend, it actually is a motion to

supplement because it addresses events arising after the date of the first pleading. "While an amended pleading relates to matters that occurred prior to the filing of the original pleading and entirely replaces such pleading, a supplemental pleading addresses events occurring subsequent to the initial pleading and adds to such pleading." *Habitat Educ. Ctr., Inc. v. Kimbell*, 250 F.R.D. 397, 401 (E.D. Wis. 2008) (citing 6A Charles A. Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice & Procedure* § 1504, at 183-84 (2d ed. 1990)); *see* Fed. R. Civ. P. 15(d). A motion to supplement under Fed. R. Civ. P. 15(d) is properly addressed to the discretion of the trial court. *Allen v. Reynolds*, No. 89-6124, 1990 WL 12182, at * 2 (6th Cir. Feb. 13, 1990) (citing *Otis Clapp & Sons, Inc. v. Filmore Vitamin Co.*, 754 F.2d 738, 743 (7th Cir. 1985)). While leave to permit a supplemental pleading is favored, it cannot be used to introduce a separate, distinct and new cause of action. *Planned Parenthood of Southern California v. Neeley*, 130 F.3d 400, 402 (9th Cir. 1997) (internal quotation marks omitted). "Leave to file a supplemental pleading after trial will be denied when . . . the matters alleged in the supplemental pleading could be the subject of a separate action." 6A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure* § 1509 (3d ed. 1998); *see also Carlton v. Baird*, 72 F. App'x. 367, 369 (6th Cir. 2003).

Because Petitioner's supplemental pleading seeks to raise claims that are distinct and new causes of actions, leave to supplement should be denied. Leave to supplement also should be denied because it would be futile to raise the claims he seeks to bring in his supplemental pleading. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (holding that leave to amend under Rule 15(a) may be denied if amendment would be futile); *see also City of Moundridge v. Exxon Mobil Corp.*, 471 F. Supp. 2d 20, 29-30 (D.D.C. 2007) (noting that futility limitation applies to

3

motions to supplement under Rule 15(d)).

Here, Petitioner's proposed supplement fails to state a claim for which relief may be granted because his action is not cognizable under *Heck v. Humphrey*, 512 U.S. 477 (1994).  The *Heck* Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Heck*, 512 U.S. at 486-87 (footnote omitted).  If a ruling on a § 1983 claim would necessarily imply the invalidity of any outstanding criminal judgment against the plaintiff, the § 1983 claim must be dismissed, not for lack of exhaustion of state remedies, but because it is simply not cognizable until the criminal judgment has been terminated in the plaintiff's favor.  *Id.* at 487.  The requirement that the prior criminal action ended favorably for the accused "'avoids parallel litigation over the issues of probable cause and guilt . . . and it precludes the possibility of the claimant [sic] succeeding in the tort action after having been convicted in the underlying criminal prosecution, in contravention of a strong judicial policy against the creation of two conflicting resolutions arising out of the same or identical transaction.'"  *Id.* at 484 (citation omitted).

In the present case, if this Court were to find that Petitioner's civil rights were violated this finding would necessarily render his sentence invalid.  "[C]ivil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments . . . ."  *Id.* at

486. Therefore, Petitioner's claim in his proposed supplement is not cognizable. *See Cummings v. City of Akron*, 418 F.3d 676, 682-83 (6th Cir. 2005).

Accordingly, Petitioner's Motion to Amend Complaint (DN 6) is **DENIED**. The instant petition for writ of mandamus seeking federal review of Petitioner's MSR (DN 1) will be dismissed by separate order.

Date: November 19, 2009

                                                 **Charles R. Simpson III, Judge**
                                                 **United States District Court**

cc:    Petitioner, *pro se*
        Respondent
4411.009